311 F.3d 955
 Patricia ALFORD, Plaintiff-Appellant,
v.
DCH FOUNDATION GROUP LONG-TERM DISABILITY PLAN; UNUM Life Insurance Company of America, Defendants-Appellees.
Patricia Alford, Plaintiff-Appellant,
v.
DCH Foundation Group Long-Term Disability Plan; UNUM Life Insurance Company of America, Defendants-Appellees.
 No. 01-56090.
 No. 01-56178.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 12, 2002.
 Filed November 21, 2002.
 
 Lawrence D. Rohlfing, Rohlfing Law Firm, Santa Fe Springs, CA, for the Appellant.
 Edwin A. Oster, Barger & Wolen, Irvine, CA, for the Appellee.
 Appeal from the United States District Court for the Central District of California; Audrey B. Collins, District Judge, Presiding, D.C. No. CV-00-05238-ABC.
 Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge, and WEINER,* District Judge.
 OPINION
 WILLIAM A. FLETCHER, Circuit Judge.
 
 
 1
 Plaintiff Patricia Alford, a registered nurse, appeals the district court's grant of summary judgment in favor of DCH Foundation Group Long Term Disability Plan ("the Plan") & UNUM Life Insurance Company ("UNUM") in her ERISA action for continuing long-term disability benefits.[1] Specifically, Ms. Alford argues that the district court erroneously applied the "abuse of discretion" standard of review; that it erred in denying her request to expand the record; and that UNUM abused its discretion in failing to award benefits beyond November 1, 1996. For the reasons thoughtfully advanced by the court below, we affirm.
 
 
 2
 The relevant facts in this case are not in dispute. They are comprehensively set forth in the district court opinion, Alford v. DCH Foundation Group Long-Term Life Insurance Co. of America, 144 F.Supp.2d 1183, 1188-1206 (C.D.Cal.2001), and we need not recite them in detail here.
 
 
 3
 We review a district court's grant of summary judgment de novo. See Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938, 942 (9th Cir.1995). We also review a district court's choice and application of the standard of review applicable to a claims decision in the ERISA context de novo. See Taft v. Equitable Life Assurance Soc'y, 9 F.3d 1469, 1471 (9th Cir.1993).
 
 
 4
 * Ms. Alford first contends that the district court improperly employed an abuse of discretion standard in its review of UNUM's denial of benefits. She asserts that UNUM's conflicted position as both plan administrator and funding source required the court to review the decision de novo.
 
 
 5
 When an ERISA plan, like the one at issue here, explicitly vests its administrator with discretion to determine eligibility for benefits and to construe the terms of the plan, the district court ordinarily reviews the administrator's determinations for abuse of discretion. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The existence of a conflict of interest can, however, affect this degree of judicial deference. See id. (indicating that courts must weigh the conflict as a factor in determining whether an abuse of discretion has occurred). The showing of a conflict does not automatically eliminate the usual deference accorded to the plan administrator; rather, the plaintiff must show "that the conflict may have influenced the decision." See Lang v. Long-Term Disability Plan of Sponsor Applied Remote Tech., Inc., 125 F.3d 794, 798 (9th Cir.1997). "To make such a showing, the affected beneficiary must come forward with `material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self interest caused a breach of the administrator's fiduciary obligations to the beneficiary.'" Id. (quoting Atwood v. Newmont Gold Co., Inc., 45 F.3d 1317, 1323 (9th Cir.1995)). If the plaintiff makes this required showing, the plan then bears the burden of rebutting the presumption by producing evidence to show that the conflict did not affect its decision to deny benefits. See Atwood, 45 F.3d at 1323. If the plan fails to do so, the court should review its denial of benefits de novo. Id.
 
 
 6
 We agree with the district court that Ms. Alford did not meet her burden of coming forward with "material, probative evidence" that UNUM's conflicted position as plan administrator and funding source may have influenced its decision to deny benefits. Lang, 125 F.3d at 798. Ms. Alford makes three arguments to the contrary, each unavailing.
 
 
 7
 First, Ms. Alford argues that UNUM's denial of benefits, despite clear uncontradicted evidence of disability from her treating physician, sufficiently evidences a conflict under Regula v. Delta Family-Care Disability Survivorship Plan, 266 F.3d 1130 (9th Cir.2001). In Regula, we recently extended the treating physician rule to the ERISA context. Under that rule, "[w]hen a non-treating physician's opinion contradicts that of the treating physician ... the opinion of the treating physician may be rejected only if the [plan administrator] gives specific, legitimate reasons for doing so that are based on substantial evidence in the record." Id. at 1140 (internal quotation marks omitted). This court added "deviation from the treating physician rule to the short list of factors by which a court may determine that an apparent conflict of interest has ripened into an actual, serious conflict, thereby permitting the court to engage in de novo review." Id. at 1147.
 
 
 8
 We see no basis for invoking the treating physician rule in this case, as the record shows that UNUM did not reject a treating physician's opinion in favor of a non-treating physician's opinion. This is not a typical case in which the opinions and medical evidence from a claimant's treating physician conflict with those of a consulting or non-treating physician. Rather, in this case there was no evidence (much less contradictory evidence) from Ms. Alford's treating physicians, Dr. Charles and Dr. Berger, pertaining to her condition or treatment between October 30, 1996, and January 1998. At no point did Dr. Herman, UNUM's on-site physician, or any UNUM administrator contest the validity of the treating physicians' reports. They merely concluded that there was insufficient evidence, given the timing and content of those reports, to determine that Ms. Alford was entitled to disability benefits after November 1, 1996. Dr. Charles' opinion was ultimately accepted by UNUM, but it supported the payment of benefits only through October 1996. Dr. Berger's later report failed to offer any prognosis for Ms. Alford or to provide any indication as to the extent or potential duration of her disability, nor did it make clear the most recent date of examination. Without further specifics (both in terms of supporting medical records and prospects of future disability), UNUM did not violate the treating physician rule of Regula when it required further documentation of ongoing disability before awarding benefits after October 30, 1996.
 
 
 9
 Attempts by plan administrators to circumvent the treating physician rule by stating that there is insufficient evidence from the treating physician and then asking for further medical records, when the existing medical evidence is in fact sufficient, might indeed evidence a conflict. But here, where there was no medical evidence at all after October 30, 1996 (excluding the contested October 23, 1998 submission and April 20, 2000 submission), the treating physician rule neither required UNUM to extend benefits without submission of further medical records, nor demonstrated a sufficient conflict to permit de novo review by this court.
 
 
 10
 Second, Ms. Alford argues that UNUM's calculation of her benefits based on the reduced earnings from her disability-related transfer just prior to her departure from DCH reveals a material conflict. She argues that UNUM acted in its own interest by calculating her benefits based on a 32-hour week from her part-time status rather than her previous 40-hour week. The district court rejected this argument as "nonsensical" because it was Ms. Alford's own counsel who insisted on the 32-hour week (as opposed to a 16-hour week), and because Ms. Alford had never argued that a 40-hour week was a more appropriate basis prior to filing her complaint. Alford, 144 F.Supp.2d at 1209. We agree.
 
 
 11
 To the extent that Ms. Alford on appeal is focusing on the reduced baseline salary level (on a per hour basis) rather than just the reduced number of hours used in UNUM's calculation, UNUM's conduct still does not manifest a conflict. The record does not show whether the baseline salary rate used by UNUM was lower, on a per hour basis, than what Ms. Alford received in her original operating room position. Moreover, she never disputed the per hour salary baseline prior to this appeal.
 
 
 12
 Finally, Ms. Alford points to UNUM's failure to acknowledge or to consider the medical evidence allegedly submitted to it on October 23, 1998. The district court properly held that UNUM's rejection of this evidence does not constitute "probative, material evidence" of a conflict. See Lang, 125 F.3d at 798. Assuming that these materials were even submitted on that date (which is a contested proposition), UNUM had a legitimate basis for refusing to consider their contents. According to Ms. Alford herself, her counsel did not send the materials to UNUM until October 23, 1998, which was already several weeks past the 60-day deadline for furnishing additional evidence set in UNUM's August 5, 1998, denial letter.
 
 
 13
 Because Ms. Alford failed to come forward with material, probative evidence that UNUM's apparent conflict of interest may have influenced its decision to deny benefits, the district court properly employed the abuse of discretion standard of review. See id.
 
 II
 
 14
 Ms. Alford next argues that the district court erred in denying her request to expand the administrative record to include the letter and attached documents allegedly sent to UNUM by her counsel on October 23, 1998. We disagree.
 
 
 15
 When courts apply the abuse of discretion standard, they generally limit review to the record before the plan administrator when making the benefits determination. See, e.g., Taft, 9 F.3d at 1471. "Permitting a district court to examine evidence outside the administrative record would open the door to the anomalous conclusion that a plan administrator abused its discretion by failing to consider evidence not before it." Id. at 1472. The district court held that because the documents allegedly sent on October 23, 1998 could not have been considered in UNUM's August 5, 1998 decision not to extend benefits beyond November 1, 1996, they could not be made part of the record on appeal.
 
 
 16
 We agree with the district court that the documents at issue need not have been included in the administrative record. UNUM's August 5, 1998 denial letter invited Ms. Alford to submit additional medical evidence within 60 days in order to secure reconsideration of her claim. If Ms. Alford had submitted such evidence to UNUM within that period, she would have a legitimate argument that it should be part of the administrative record. Even on her version of the facts, however, her counsel did not send the materials until several weeks past the letter's 60 day deadline. When the 60 days expired with no further submissions by Ms. Alford, UNUM's decision became final. Therefore, the documents allegedly sent on October 23 were neither "presented to" nor "considered by" UNUM in reaching its decision, and should not be included in the record on appeal to the district court. See Bendixen v. Standard Ins. Co., 185 F.3d 939, 944 (9th Cir.1999) ("[I]t was not error to refuse to consider Dr. High's report because the report was given to Standard after its second review had been completed and a final determination had been made. Because the report was not before the plan administrator at the time of the denial, the district court was limited to that record and could not consider the report in its review.").
 
 III
 
 17
 Finally, Ms. Alford contends that UNUM abused its discretion when it denied her disability benefits beyond November 1, 1996, and that the district court therefore erred in granting the defendant's motion for summary judgment and denying her own. As evidence of this abuse, she points primarily to UNUM's rejection of Dr. Berger's report of October 30, 1996 as sufficient evidence of future disability. Relying on the treating physician rule, Ms. Alford contends that UNUM failed to give "specific, legitimate reasons" for the rejection of that report, see Regula, 266 F.3d at 1140, and therefore abused its discretion.
 
 
 18
 The district court properly held that UNUM's refusal to extend benefits based on the materials it had before it, including Dr. Berger's report, did not constitute an abuse of discretion. Unlike Dr. Charles' earlier report, Dr. Berger's report did not offer any prognosis for Ms. Alford or provide any opinion as to the potential duration of her disability. Thus, it was not unreasonable for UNUM to treat it as only describing Ms. Alford's condition as of the date of the report. And in light of the absence of such a medical opinion, the fact that there were no medical records supporting a determination of future disability makes it impossible to find that UNUM abused its discretion in requesting further records before extending Ms. Alford's disability benefits.
 
 
 19
 To the extent that Ms. Alford relies on documents allegedly submitted to UNUM on October 23, 1998, to bolster her claim of abuse of discretion, we agree with UNUM that these documents were not part of the record it was required to consider. See Bendixen, 185 F.3d at 944. UNUM could not have abused its discretion by ignoring them because the decision to deny Ms. Alford benefits had been made before they were ever presented to the company. However, as the district court noted, even if these documents were considered part of the record, and even if they had been considered by UNUM in reaching its decision, they did not contain any medical evidence pertaining to Ms. Alford's condition before January 1998. A gap thus remained in medical evidence and treating physician opinions from late 1996 to early 1998.
 
 
 20
 Ms. Alford's counsel did finally provide UNUM with her treatment records for the time period from 1996 through 1997, but only in April of 2000 — almost two years after the August 5, 1998, denial letter. These records indicate that Ms. Alford might have qualified for benefits under the plan, if she had properly presented evidence of her ongoing disability and treatment in accordance with the plan requirements and UNUM's repeated requests. Although the way in which Ms. Alford's claim was presented to UNUM is to be greatly regretted, see Alford, 144 F.Supp.2d at 1220, we cannot find that UNUM abused its discretion in denying her benefits after October 30, 1996.
 
 
 21
 AFFIRMED.
 
 
 
 Notes:
 
 
 *
 The Honorable Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 Only UNUM has entered an appearance in the action