**Laverne Don MEDFORD, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, et al., Respondents.**

No. CV–S–02–0955–JCM.

United States District Court,
D. Nevada.

Feb. 10, 2003.

James R. Christensen—003861, Brenske & Christensen, Las Vegas, for Medford, Laverne Don, Plaintiff.

Albert F. Pagni—000987, Jones Vargas (Reno), Clark V. Vellis—005533, Jones Vargas (Reno), Albert F. Pagni—000987, Jones Vargas (Reno), Clark V. Vellis—005533, Jones Vargas (Reno), Reno, for Metropolitan Life Insurance Company, Raytheon Company, Defendants.

## ORDER

LEEN, United States Magistrate Judge.

This matter is before the court on defendants' Motion for Stay of Discovery and

Motion for an Order Setting Forth a Briefing Schedule Pursuant to Local Rule 16–1(C)(1)(# 11) filed October 10, 2002. The court has considered defendants' motion, Plaintiff's Opposition to Defendants' Motion for Stay of Discovery and Motion for an Order Setting Forth a Briefing Schedule Pursuant to Local (sic) 16.1(C) (# 13), and defendants' Reply in Support of Motion for Stay of Discovery (# 17). Defendants inadvertently failed to attach the two exhibits referenced in the motion to the original motion filed with the court, and thereafter filed a supplement attaching the two exhibits on January 10, 2003(# 18).

## BACKGROUND

This case involves the termination of long term disability benefits to an employee beneficiary. Plaintiff Laverne Don Medford ("Medford") worked for a company called E–Systems from 1975 until 1992 when he was placed on long term disability under the "E–Systems, Inc., Long Term Disability Income and Death Benefit Plan" ("E–Plan"), (Complaint.¶¶ 7, 8). Defendant Raytheon purchased E–Systems in 1996. Plaintiff continued to receive long term disability ("LTD") benefits until some time in calendar year 2000 when the defendant reviewed his claim and denied additional benefits. *Id.,* ¶ 9. The initial denial was made June 12, 2002. Plaintiff's administrative appeal was denied on November 17, 2000, which resulted in the termination of his LTD benefits. *Id.*

Plaintiff brought suit against defendants Metropolitan Life Insurance Company and Raytheon. The complaint alleges four state causes of action for: 1) breach of contract; 2) bad faith; 3) breach of Nevada's Unfair Claims Practices Act, Nev.Rev. Stat. § 686A.310; and 4) punitive damages, and two ERISA based claims for 1) wrongful denial of ERISA benefits under 29 U.S.C. § 1132 and 2) breach of fiduciary duty, by failing to afford basic due process

guaranteed by at 29 U.S.C. § 1133 and regulations promulgated thereunder.

On July 17, 2002, defendants removed this case from state court. The parties submitted a stipulated Joint Discovery Plan and Scheduling Order, and shortly thereafter, on October 10, 2002, defendants filed the instant motion for stay of discovery and request for an order setting a briefing schedule pursuant to LR 16–1(c)(1) which provides that actions for review on an administrative record "shall be governed by the entry of an order setting forth a briefing schedule and such other matters as may be appropriate." Defendants argue that because this is an ERISA based action discovery is not warranted, and that this matter can and should be decided on the administrative record which has been provided to the plaintiff. For the reasons set forth below, the court concludes that plaintiff is not entitled to discovery on his state tort claims because they are clearly preempted by ERISA. However, because the court cannot determine at this early stage of the litigation what standard of review should be applied to the determination of this action, the court will allow some discovery on plaintiff's ERISA claims.

## DISCUSSION

As a general rule discovery in civil cases is liberally allowed. The purpose of discovery is to ascertain facts in dispute, clarify the issues, and avoid surprise at trial. Rule 26 of the Federal Rules of Civil Procedure allows discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party" Fed. R.Civ.P. 26(b)(1). As long as the relevant information is "reasonably calculated to lead to the discovery of admissible evidence" the information sought to be discovered need not be admissible at the time of trial.

Defendants' motion argues that because the ERISA plans at issue vest the plan administrators with discretion to determine the award of benefits, the court's review of the decision to terminate LTD benefits must be reviewed by the court on an abuse of discretion standard. Citing *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1472 (9th Cir.1993) defendants argue that when reviewing a denial of benefits claim under an abuse of discretion standard the court may review only the evidence presented to the plan administrators at the time of the denial. Thus, the only discovery plaintiff is entitled to in this case is what was contained in the administrative record which defendants have already produced. Plaintiff relies upon *Regula v. Delta Family-Care Disability Survivorship Plan*, 266 F.3d 1130, 1145 (9th Cir.2001) to argue he is entitled to discovery "to determine his insurer's motivation" in suddenly terminating his LTD benefits. Additionally, plaintiff argues the plans at issue may not be subject to ERISA if they fall within the Department of Labor's "safe harbor" provisions. 29 CFR § 2510.3–1(j). Plaintiff therefore seeks discovery to determine if all of the safe harbor provisions have been met. Finally, plaintiff argues he is entitled to conduct discovery on his state tort claims for bad faith in violation of Nevada's Unfair Claims Practices Act, N.R.S. 486A.310 et. seq.

Defendants' argument focused principally on the appropriate standard of review which will determine the outcome of this litigation. It is well established that the scope of discovery in a denial of ERISA benefits case is linked to the standard of review. *See, e.g., Regula v. Delta Family-Care Disability Survivorship Plan*, 266 F.3d 1130, 1145 (9th Cir.2001); *Taft*, 9 F.3d at 1472. However, the task of the court here is to determine the scope of discovery, if any, that plaintiff may seek in discovery, not what standard of review should ultimately be applied to the outcome of this case.

## I. *The Employee Benefit Plans*

■ Plaintiff argues he should be permitted to conduct discovery to determine whether the group insurance plans at issue are ERISA qualified. He asserts there is "the potential" that the plans at issue may not be subject to ERISA because of the "safe harbor" regulations which place some kinds of plans outside ERISA's purview.

"ERISA defines an employee benefit plan to include, among others, 'any plan, fund, or program ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance ... medical, surgical or hospital care or benefits ...'" *Qualls v. Blue Cross of California, Inc.* 22 F.3d 839, 843 –844 (9th Cir.1994), *quoting*, 29 U.S.C. §§ 1002(1), (3). Plaintiff argues he is entitled to discovery regarding whether the plans fall within the Department of Labor's "safe harbor" regulations distinguishing those plans "established or maintained by an employer" from those in which the employer's role is more limited. *See* 29 U.S.C. § 1002(1); 29 CFR § 2510.3–1(j). The Ninth Circuit has noted:

> These regulations describe the circumstances under which a group insurance plan offered by an insurer to employees will not qualify as an ERISA employee benefit plan. Specifically, the regulations exclude those plans in which: (1) No contributions are made by the employer; (2) Employee participation is completely voluntary; (3) "The sole functions of the employer ... are, without endorsing the program, to permit the insurer to publicize the program to employees ... to collect premiums through payroll deductions or dues

checkoffs and to remit them to the insurer;" *and* (4) The employer receives no consideration for its limited involvement in the plan.

*Qualls,* at 843 –844, *quoting,* 29 CFR § 2510.3–1(j) (citations omitted). (Emphasis in original).

"Unless *all four* of the above requirements are met, the employer's involvement in a group insurance plan is significant enough to constitute an 'employee benefit plan' subject to ERISA." *Id.,* quoting *Kanne v. Connecticut General Life Ins.,* 867 F.2d 489, 492 (9th Cir.1988). Plaintiff argues there is a "potential that Mr. Medford's disability insurance ... is not subject to ERISA" under the regulations above. (Plaintiff's Opp. # 13, p. 3) However, even a cursory inspection of the plans shows they are employee benefit plans governed by ERISA. Article III of the E–Plan states that the employer "shall contribute such amounts ... as it deems appropriate ... to provide the benefits payable under this plan." Article VI of the E–Plan, provides that the employer, E–Systems, maintains the plan's trust fund, pays into the trust fund from time to time, and appoints the trustee. Thus, plaintiff cannot establish the "no contributions by employer" exclusion criteria, or establish that E–Systems only publicized the program and collected premiums. Similarly, Article VII of the R–Plan makes Raytheon both fiduciary, plan administrator, and responsible for all necessary administrative duties. The court finds that both the E–Plan and R–Plan are clearly employee benefit plans subject to ERISA.

## II. *Plaintiff's State Law Claims*

■ Plaintiff has plead state law claims for breach of contract, bad faith, breach of Nevada's Unfair Claims Practices Act, Nev.Rev.Stat. § 686A.310, and punitive damages. Defendant argues plaintiff is not entitled to discovery on these claims because they are preempted by ERISA. The court agrees that these state law claims are preempted by ERISA and that plaintiff is therefore not entitled to discovery relevant to these claims. The Ninth Circuit has repeatedly stated "ERISA contains one of the broadest preemption clauses ever enacted by Congress." *PM Group Life Ins. v. Western Growers Assur. Trust,* 953 F.2d 543, 545 (9th Cir.1992); *Greany v. Western Farm Bureau Life Ins. Co.,* 973 F.2d 812, 817 (9th Cir.1992); *Joanou v. Coca–Cola Co.,* 26 F.3d 96, 99 (9th Cir.1994). ERISA preempts state law causes of action that offer remedies for the violation of rights expressly guaranteed by ERISA and exclusively enforced by ERISA's civil enforcement mechanism, Sections 502(a), 29 U.S.C. § 1132(a). *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

■ "The civil enforcement provision of ERISA, 29 U.S.C. § 1132, is the exclusive vehicle for actions by ERISA plan participants and beneficiaries asserting improper processing of a claim for benefits." *Pilot Life v. Dedeaux,* 481 U.S. 41, 53, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987). If the state law relates to employee benefit plans it is preempted by ERISA. *See Id,* at 46, 107 S.Ct. at 1552, *citing,* 29 U.S.C. § 1144(a). ERISA preempts claims against employers and insurers alike. *See, Ingersoll–Rand* (employer); *Pilot Life* (insurer). The garden variety state law causes of action involving employee benefits are preempted by ERISA. *Tingey v. Pixley–Richards West Inc.,* 953 F.2d 1124, 1131 (9th Cir.1992); *Parrino v. FHP, Inc.,* 146 F.3d 699, 703, 704 (9th Cir.1998); *Greany v. Farm Bureau Life Ins. Co.,* 973 F.2d 812, 818 (9th Cir.1992). The court finds that plaintiff's breach of contract, bad faith, and punitive damages claims clearly "relate to" an ERISA plan and are there-

fore preempted. *See Pilot Life, id.* at 51–56, 107 S.Ct. at 1555–58.

Plaintiff cites *Pioneer Chlor Alkali Co., Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania,* 863 F.Supp. 1237, 1239 (D.Nev.,1994), for the proposition that his claim for breach of Nevada's Unfair Claims Practices Act, Nev.Rev.Stat. § 686A.310, is saved from preemption by the ERISA "savings clause." He argues the savings clause, codified at 29 U.S.C. § 1144(b)(2)(A), "saves" this claim because it is based on state laws regulating insurance. Although *Pioneer* acknowledged Nevada's Unfair Claims Practices Act "is part of a comprehensive plan to regulate insurance practice in Nevada," the act was not considered in the context of an ERISA plan. *See Pioneer,* at 1240. There, the plaintiff argued that the defendant's violation of provisions of the Unfair Claims Practices Act established bad faith as a matter of law, and was intended to codify Nevada common law on bad faith.

The same district judge who authored *Pioneer* later held in *Brandner v. Unum Life Ins. Co. of America,* 152 F.Supp.2d 1219, 1227 (D.Nev.2001) that plaintiff's claims for breach of Nevada's Unfair Claims Practices Act were preempted by ERISA. The Nevada Supreme Court reached the same conclusion in *Villescas v. CNA Ins. Companies,* 109 Nev. 1075, 1084, 864 P.2d 288, 294 (Nev.,1993) concluding, "We add Nevada's voice to the growing body of case law holding state unfair insurance practice claims to be preempted by ERISA and conclude Chapter 686A of the Nevada Insurance Code is preempted by ERISA when applied to a valid ERISA plan."

In short, the court finds Mr. Medford's state law claims for breach of contract, bad faith, breach of Nevada's Unfair Claims Practices Act, and punitive damages claims all "relate to" an employee benefit plan and are therefore preempted by ERISA.

Plaintiff is not entitled to conduct discovery on his ERISA preempted claims.

## III. *Judicial Review of ERISA Administrative Decisions*

The scope of discovery in a denial of a ERISA benefits case is linked to the standard of review. *See, e.g., Regula, id.* and *Taft, id.* The court must therefore consider defendants' motion to stay discovery in light of the probable standards of review that will be applied in this case. *De novo* is the default standard of review in denial of ERISA benefits cases. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989); *Tremain v. Bell Industries, Inc.,* 196 F.3d 970, 976 (9th Cir.1999). An abuse of discretion standard is applied to a benefits denial when the plan expressly gives the plan administrator, or fiduciary, discretionary authority to determine eligibility for benefits or to construe the plan's terms. *Firestone,* 489 U.S. at 111, 109 S.Ct. at 954; *Jones v. Laborers Health & Welfare Trust Fund,* 906 F.2d 480, 481 (9th Cir.1990). However, the Supreme Court has held that "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict of interest must be weighted as 'facto[r] in determining whether there is an abuse of discretion.' " *Firestone,* 489 U.S. at 115, 109 S.Ct. at 957.

In the Ninth Circuit where an insurer has a conflict of interest which arises out of serving in the dual roles as administrator and funding source for the plan, judicial review of such a decision is still for abuse of discretion, but is "less deferential." ("Under such circumstances, plan benefits decisions are subject to a less deferential standard of review.") *Regula,* 266 F.3d at 1145. The court must examine whether an "apparent" conflict of interest exists because of a plan administrator's

economic stake in the decision to award benefits. *See, e.g.,Id.; McDaniel v. Chevron Corp.,* 203 F.3d 1099, 1108 (9th Cir. 2000); *Tremain v. Bell Indus., Inc.,* 196 F.3d 970, 976 (9th Cir.1999); *Atwood v. Newmont Gold Co., Inc.* 45 F.3d 1317, 1322 (9th Cir.1995). The Ninth Circuit has held that an "apparent" conflict of interest is present whenever a plan administrator is responsible for both funding and paying claims. *See Lang v. Long–Term Disability Plan of Sponsor Applied Remote Tech., Inc.,* 125 F.3d 794, 798 (9th Cir.1997). However, "[s]tanding alone, an apparent conflict of interest does not affect the *ultimate* standard of review." *McDaniel,* 203 F.3d at 1108 (emphasis in original). Rather, the Court must undertake an intermediate inquiry to determine whether the conflict of interest *affected* the decision. *Regula,* 266 F.3d at 1145. If the inquiry leads to the conclusion that the conflict of interest affected the administrator's decision, then an "actual" conflict is said to exist and the decision is reviewed *de novo. Tremain,* 196 F.3d at 975; *Friedrich v. Intel Corp.,* 181 F.3d 1105, 1109 (9th Cir. 1999).

■ In determining whether a conflict of interest affected the administrator's decision-making, courts apply a burden-shifting scheme. *Regula,* 266 F.3d at 1145; *McDaniel,* 203 F.3d at 1108; *Friedrich,* 181 F.3d at 1109. First, the plan beneficiary must provide "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary." *Atwood v. Newmont Gold Co., Inc.,* 45 F.3d 1317, 1323 (9th Cir.1995). If the plan beneficiary plaintiff produces such evidence this creates a rebuttable presumption that the administrator's decision denying benefits was a dereliction of its fiduciary responsibilities. *Regula,* 266 F.3d at 1145. The burden then shifts to the plan administra-

tor to produce evidence that the conflict of interest did not in fact affect the decision to deny benefits. *Lang v. Long–Term Disability Plan,* 125 F.3d 794, 798 (9th Cir.1997). If the administrator fails to carry its burden, the Court must review the benefits decision *de novo,* rather than for abuse of discretion. *Regula,* 266 F.3d at 1145; *Tremain,* 196 F.3d at 976; *Alford v. DCH Foundation Group Long–Term Disability Plan,* 311 F.3d 955, 957 (9th Cir.2002).

■ This order will not resolve whether the termination of benefits decision at issue in this case will be reviewed for abuse of discretion or *de novo.* However, if plaintiff cannot show that a conflict of interest affected the administrator's decision to terminate long-term disability benefits, the standard of review in the instant case will be for abuse of discretion. The complaint in this case does not explicitly aver the defendants had a conflict of interest. However, the complaint includes a cause of action for breach of fiduciary duty under 29 USCA § 1133, alleging defendants failed to afford plaintiff "a full, fair and impartial review of his benefits claim ... and instead behaved as an *adversary ...* [and] *ignored the record and opinions of Mr. Medford's treating physicians which show he is totally disabled and instead based its decision to deny benefits upon others .... "* (Complaint ¶ 27) (emphasis added). Citing *Regula,* plaintiff argues he should be permitted to conduct discovery to determine why his benefits were suddenly terminated after receiving disability for a number of years, and defendants' motivation for terminating benefits.

■ In *Regula* the Ninth Circuit extended the "treating physician rule" to the ERISA context, and added "deviation from the treating physician rule to the short list of factors by which a court may determine that an apparent conflict of interest has ripened into an actual, serious conflict,

thereby permitting the court to engage in *de novo* review." *Id.* at 1147. Under that rule if a non-treating physician's opinions contradicts that of a treating physician, the opinion of the treating physician may be rejected only if the plan administrator gives specific legitimate reasons for doing so that are based on substantial evidence in the record. *Id.* at 1140. (Internal quotation marks omitted).

Here the plaintiff alleges in his complaint that the defendants ignored the records and opinions of his treating physician in the decision to terminate his benefits. As indicated, deviation from the treating physician rule, if established, may bear on the standard of review. Additionally, a cursory review of the two plans at issue here presents the possibility of a conflict. The E–Plan provides that the plan trustee who administers the funds serves at the pleasure of the board of the corporation, and the corporation is required to make contributions to the fund as it deems appropriate in order to provide the benefits payable under the plan. (See Supplement to Defendants' Motion, Ex. A., "E–Plan", Article III at § 3.1, Article VI at § 6.2.) A review of the R–Plan demonstrates that Raytheon is the plan administrator and named fiduciary for the benefit plan established for its employees, and shares power with Metlife, the claims administrator, in determining questions of eligibility, coverage, and amount of benefits payable under the plan. (See Supplement to Defendants' Motion, Ex. B., "R–Plan", Article VII at §§ 7.1, 7.2.) Although the court makes no findings whether an apparent or actual conflict of interest exists, there is sufficient language in the plans to suggest an apparent conflict such that plaintiff should be able to pursue discovery on this issue.

## IV. *Standards of Review, Discovery and the Admissibility of Evidence*

When a district court is reviewing a plan administrator's decision for abuse of discretion, the review is strictly limited to the evidence in the record. *Taft,* 9 F.3d at 1472. When conducting *de novo* review of a benefits denial a district court has discretion to consider evidence outside the record. *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan,* 46 F.3d 938, 943–44 (9th Cir.1995). When looking for evidence of conflict of interest to determine the correct standard of review, the district court is not limited to the administrative record before the plan administrator at the time the denial was made. *Regula,* 266 F.3d at 1147, *citing, Tremain,* 196 F.3d at 977. Instead the district court should consider what additional evidence is required "to enable the full exercise of informed and independent judgment." *Id., quoting, Mongeluzo,* 46 F.3d at 943. The district judge will have to exercise his discretion in determining what, if any, evidence outside of the administrative record will be considered in determining the correct standard of review and in actually reviewing the decision to terminate benefits. This decision and order addresses only the scope of discovery that will be allowed, not whether, and if so, what additional evidence outside the administrative record is admissible.

The scope of discovery in an ERISA denial of benefits case should serve both the goals of ERISA and the goal of obtaining justice for the parties involved in the litigation. Two of the primary goals of ERISA are to increase the likelihood beneficiaries will receive full benefits, and to maintain premium costs at a reasonable level. *See Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1094 (9th Cir.1999) *quoting,* 29 U.S.C. § 1001b(c)(3), (5). The Supreme Court has emphasized "the need for prompt and fair claims settlement procedures" in ERISA governed plans. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). In the context of discovery, the court should

therefore balance the goal of maintaining low premium costs which may be effected by limiting the scope of discovery, and thus the expense of litigation, with the demands of reaching an informed and independent review of the benefits decision.

 Balancing these goals, the court finds plaintiff should be allowed limited discovery on issues related to what standard of review should ..be applied and whether there was a conflict of interest affecting his benefits determination. What constitutes relevant evidence of the fiduciary's self-interest has not been conclusively defined. However, a review of recent Ninth Circuit opinions offers a number of examples: (1) Where an apparent conflict of interest has been established, an administrator's rejection of the treating physician's opinions constitutes material, probative evidence of an. actual conflict of interest. *See Regula,* 266 F.3d at 1147 (holding that the treating physician rule of Social Security law is applicable in ERISA benefit cases); (2) An administrator's statement of inconsistent reasons for denying benefits, or other inconsistent behavior in dealing with the beneficiary. *Regula,* 266 F.3d at 1146, (citing, *Lang,* 125 F.3d at 799); (3) An administrator's change in position without receipt of any new evidence. *Id.,* (citing, *Brown v. Blue Cross & Blue Shield of Alabama, Inc.,* 898 F.2d 1556, 1569 (11th Cir.1990), *cert. denied,* 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991)); (4) An administrator's reliance on an improper definition of disability under the plan. *Id.* (citing *Tremain,* 196 F.3d at 977); (5) An administrator's determination of a material fact for which it has provided no supporting evidence. *Id.*; (6) An administrator's failure to provide reasons for its denial of benefits. *Halpin v. W.W. Grainger, Inc.,* 962 F.2d 685, 689 (7th Cir.1992); (7) An administrator's failure to provide sufficient notice of the denial of the claim. *Friedrich,* 181 F.3d at

1110; and (8) Whether the record, taken as a whole, reflects that the administrator acted "as an adversary 'bent on denying [the beneficiary's] claim' and 'oblivious to her fiduciary obligations as administrator of the LTD Plan.' " *Id.*

The court concurs with the thoughtful analysis of the magistrate judge's ruling in *Waggener v. UNUM Life Ins. Co.,* 2002 WL 31818932 (S.D.Cal.) where the judge tailored the scope of discovery in a case in which both parties conceded there would be *de novo* review in an ERISA benefits denial case. There the court recognized the goal of ERISA in maintaining premium costs at a reasonable level and allowing for prompt and fair resolution of claims, reasoning "discovery simply cannot be as broad and over reaching as in other types of cases." *Id.* at 6. The magistrate judge in *Waggener* artfully synthesized the cases and struck a balance between the goals of ERISA with the court's need to make an informed and independent review of the denial of benefits. Like the court in *Waggener,* the undersigned will limit the scope of discovery in this case to information relevant to the following: 1) whether a conflict of interest existed between the administrators of the plan or plan fiduciaries and the plan beneficiaries; 2) if there was a conflict, the manner or extent to which the conflict of interest affected the defendants in making the benefits decision at issue; and 3) the independence or neutrality of physicians or others whose medical opinions defendants relied upon in terminating plaintiff's disability benefits. When such information is not available from the administrative record, plaintiff shall be entitled to such discovery as otherwise contemplated under the Federal Rules of Civil Procedure.

### CONCLUSION

Plaintiff's state law claims are clearly preempted by ERISA and plaintiff is

therefore not entitled to conduct any discovery on these claims. However, the court will allow plaintiff to conduct some discovery relevant to the determination of whether evidence outside the administrative record should be considered by the district judge. In allowing the plaintiff to conduct discovery relevant to these issues the court makes no findings what standard of review should ultimately be utilized to review the decision to terminate plaintiff's disability benefits made here. Similarly, the court makes no findings concerning whether evidence outside the administrative record would be admissible for any purpose during summary judgment motions or at trial. The court's task here is merely to determine whether discovery should be allowed, and, if so, to tailor the scope of that discovery. Like the magistrate judge in *Waggener*, the court finds some information regarding plaintiff's claims handling and decision making processes discoverable.

For the reasons set forth herein,

**IT IS ORDERED** Defendants' Motion for Stay of Discovery and Motion for an Order Setting Forth a Briefing Schedule Pursuant to Local Rule 16–1(C)(1)(# 11) is DENIED. Plaintiff shall be entitled to engage in limited discovery consistent with this order.