Kelly HUGHES; Gregory Hughes,
Plaintiffs—Appellants,

v.

NATIONAL RESOURCE
CONSULTANTS,
Defendant,

and

Price Company; Price Costco, Inc.; Group Benefit Plan, for 1988, 1989, 1990, 1991; Flex Plan 1994; Flex Plan 1995; Flex Plan 1996; Plan A; Plan B; Plan C; Price Club Health Plus Plan, Defendants—Appellees.

No. 02–55429.

D.C. No. CV–95–03603–JTM(CGA).

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2003.*

Decided Oct. 14, 2003.

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Appellants Kelly and Gregory Hughes appeal from the judgment of the district court following a bench trial on their two claims arising under ERISA. First, under 29 U.S.C. § 1132(a), appellants sought to recover benefits that were allegedly wrongly denied or underpaid. Second, under 29 U.S.C. § 1132(c), they sought to recover statutory penalties for the alleged failure of Price Company to furnish a written copy of the plan document upon request. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we do not recount them in detail except as necessary. We review the district court's factual findings for clear error and give de novo review to its legal determinations. *Shapiro ex rel. Shapiro v. Paradise Valley Unified School Dist. No. 69*, 317 F.3d 1072, 1076 (9th Cir.2003). The plan administrator's decision to deny further benefits is reviewed for abuse of discretion, unless the beneficiary provides material probative evidence, beyond the mere fact of the apparent conflict of interest inherent in a self-funded plan, tending to show that self-interest may have influenced its decision to deny benefits. *Alford v. DCH Foundation Group Long Term Disability Plan*, 311 F.3d 955, 957 (9th Cir.2002); *Atwood v. Newmont Gold Co., Inc.*, 45 F.3d 1317, 1322 (9th Cir.1995). The district court correctly applied the "abuse of discretion" standard.

■ With respect to the denial of plan benefits, we note at the outset that the district court properly reviewed the administrator's final decision (the one rendered by the Benefits Committee), and not some earlier determination. *Taft v. Equitable Life Assur. Soc.*, 9 F.3d 1469, 1471–72 (9th Cir.1994). The district court carefully reviewed the evidence and concluded that the committee had not abused its discretion in regard to the handling of appellants' claims. We agree. The procedure employed by the Benefits Committee, specifically the painstaking line-by-line review conducted by Monica Smith on the committee's behalf, was entirely reasonable and indeed, not shown to have been erroneous in any respect.

■ In regard to the claim under 29 U.S.C. § 1132(c), the district judge found as a matter of fact that Price Company had furnished a copy of the plan to appellants and, regardless, that this claim was barred by the statute of limitations. This finding is supported by the evidence and is not clearly erroneous. We also agree with the district court that requests for plan documents made pursuant to the Rules of Civil Procedure in the course of pre-trial discovery do not trigger the application of § 1132(c).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.