# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4200

_____

Thomas Dam,      *
     *
         Appellant,      *
     *    Appeal from the United States
    v.      *    District Court for the
     *    District of Nebraska.
Life Insurance Company of North      *
America,      *    [UNPUBLISHED]
     *
         Appellee.      *

_____

Submitted: November 27, 2006
Filed: November 30, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Thomas Dam appeals the district court's[1] grant of summary judgment in favor of Life Insurance Company of North America (LINA) on his state law claims for improper denial of insurance benefits following the loss of his vision in one eye. Dam challenges only the district court's application of the Employee Retirement Income Security Act of 1974 (ERISA) to his claims. He argues that the court erred in

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

determining that the insurance benefits he sought did not fall within ERISA's "safe harbor" provision.[2]

Upon de novo review, we conclude the evidence presented by the parties established beyond genuine dispute that Dam's employer contributed to the insurance program under which he sought the benefits, and thus the district court did not err in determining that the benefits at issue did not fall within the safe harbor provision. See Celotex Corp. v. Cattrett, 477 U.S. 317, 322-23 (1986) (summary judgment review standard); Moorman v. UnumProvident Corp., 464 F.3d 1260, 1265-69 (11th Cir. 2006) (ERISA governs employee welfare benefit plan, which is "'any plan, fund, or

_____

[2]The so-called "safe harbor" provision, 29 C.F.R. § 2510.3-1(j) (2005), states:

(j) Certain group or group-type insurance programs. For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which

(1) No contributions are made by an employer or employee organization;

(2) Participation [in] the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

program . . . established or maintained by an employer' to provide benefits through an insurance policy" (quoting 29 U.S.C. § 1002(1)); requirements for safe harbor exception are strict; failure to meet one criterion rendered exception inapplicable); <u>Medford v. Metro. Life Ins. Co.</u>, 244 F. Supp. 2d 1120, 1125 (D. Nev. 2003) (all four safe harbor criteria must be met; employer's contribution under plan precluded applicability of safe harbor exception).

We thus conclude that the district court did not err in applying ERISA to Dam's state law claims, and, accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

_____