Joanna **BAIDA**, Plaintiff–Appellant,

v.

**FIRST UNUM LIFE INSURANCE COMPANY; Diversified Agency Services Group Benefit Plan**, Defendants–Appellees.

No. 05–56923.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Dec. 20, 2007.

Cassie Springer–Sullivan, Esq., Lewis Feinberg Lee Renaker & Jackson, PC Oakland, CA, for Plaintiff–Appellant.

Robert F. Keehn, Esq., Galton & Helm, Los Angeles, CA, for Defendants–Appellees.

Before: COWEN *, HAWKINS, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Joanna Baida ("Baida") filed suit against First Unum Life Insurance Company, et al. ("Unum") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), claiming she is entitled to long-term disability benefits under the Diversified Agency Services Group Benefits Plan ("the Plan"). After a bench trial, the district court entered judgment in favor of Unum. Because the parties are aware of the facts of this case, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo the district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases, *Lang v. Long–Term Disability Plan of Sponsor Applied Remote Tech., Inc.,* 125 F.3d 794, 797 (9th Cir.1997), we affirm.

The Plan contains an unambiguous grant of discretion to the fiduciary or administrator of the Plan to determine a claimant's eligibility for benefits. The district court therefore correctly reviewed Unum's decision to deny Baida's claim for an abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *see also Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 963 (9th Cir.2006) (en banc).

Unum's inherent, structural conflict of interest of both making decisions on claims and paying claims with its own funds does not compel de novo review. The existence of such a conflict does not change the district court's abuse of discretion standard of review. *See Firestone,* 489 U.S. at 115, 109 S.Ct. 948; *Abatie,* 458 F.3d at 967–68.

Baida's allegation of procedural violations also does not change the abuse of discretion standard of review. *See Abatie,* 458 F.3d at 971. Courts should review de novo an administrator's decision to deny benefits "[w]hen an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan as well." *Id.* The record, however, demonstrates that Unum committed no "wholesale and flagrant" procedural violations that would have required the district court to review Unum's claims decision de novo.

The California Department of Insurance's ("CDI") "Letter opinion per CIC § 12921.9: Discretionary Clauses" and "Notice to Withdraw Approval and Order for Information" do not render the discretionary clause in the Plan unenforceable. An opinion letter "merely states the opin-

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ion of the insurance commissioner, and does not have the force of law." *Mixon v. Metropolitan Life Ins.*, 442 F.Supp.2d 903, 908 (C.D.Cal.2006) (citing *Baer v. Associated Life Ins. Co.*, 202 Cal.App.3d 117, 248 Cal.Rptr. 236, 238–39 (1988)); *see also* Cal. Ins.Code § 12921.9(b) (An agency letter opinion is "*not* [to] be construed as establishing an agency guideline, criterion, bulletin, manual, instruction, order, standard of general application, rule, or *regulation*, as those terms are described in Sections 11340.5 and 11342.600 of the Government Code.") (emphasis added).

■ "Section 10291.5(b) sets forth the parameters within which the California Commissioner of Insurance may, in the exercise of her discretion, approve or disapprove insurance policies." *Firestone v. Acuson Corp. Long Term Disability Plan*, 326 F.Supp.2d 1040, 1050 (N.D.Cal.2004); *see Peterson v. American Life & Health Ins. Co.*, 48 F.3d 404, 410 (9th Cir.1995). That section does not grant beneficiaries the right to "reform the nature of his policy and obtain benefits for which he never bargained by engaging courts to second-guess the Commissioner's approval of the policy." *Acuson Corp.*, 326 F.Supp.2d at 1050 (quoting *Peterson*, 48 F.3d at 410). "[S]ection 10291.5 does not enable plaintiff 'to maintain a private action against [the insurance company] to rewrite the terms of his policy'" and "does not empower this court to declare a certain portion of plaintiff's policy invalid or to unilaterally reform the terms and conditions of that policy." *Id.* (quoting *Peterson*, 48 F.3d at 410–11).

In addition, although the California Commissioner of Insurance may approve or disapprove insurance policies, the CDI's withdrawal of its approval of Unum's policy does not apply retroactively. *See Lundquist v. Continental Casualty Co.*, 394 F.Supp.2d 1230, 1246–47 (C.D.Cal. 2005) (noting that "[v]irtually every court

that has addressed the California [Department of Insurance's] Notice and its impact on the standard of review in ERISA cases has rejected the argument that the Notice entitles plaintiffs to a de novo standard of review" and that "the Notice does not purport to invalidate disability policies containing discretionary clauses retroactively") (internal citations omitted); *see also Mitchell v. Aetna Life Ins. Co.*, 359 F.Supp.2d 880, 889 (C.D.Cal.2005).

■ The district court correctly found that Unum did not abuse its discretion when it denied Baida's claim for benefits. The record shows that the district court allowed Baida and her counsel multiple opportunities to submit additional evidence, thoroughly reviewed and considered all new evidence, and conducted independent medical reviews of Baida's condition. Unum therefore engaged in an "ongoing, good faith exchange of information" with Baida. *See Jebian v. Hewlett–Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1107 (9th Cir.2003).

*Abatie* had not been decided at the time the district court made its decision here. The district court's review of Unum's decision, however, would have been sufficient under the more heightened, skeptical abuse of discretion review required by *Abatie*. *See Abatie*, 458 F.3d at 967–68 (holding that the abuse of discretion standard of review will be more skeptical when a conflict of interest or procedural violation is involved). Baida has not shown material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that Unum's self interest caused a breach of the administrator's fiduciary obligations to Baida. *See Alford v. DCH Foundation Group Long–Term Disability Plan*, 311 F.3d 955, 957 (9th Cir.2002). The district court also considered Unum's alleged conflict of interest when making its summary judgment decision.

Lastly, the district court did not err by adopting Unum's proposed findings of fact. A district court's adopted findings of fact are reviewed for clear error, although "the wholesale and verbatim adoption of one party's findings requires us to review the record and the district court's opinion more thoroughly." *Silver v. Executive Car Leasing Long–Term Disability Plan,* 466 F.3d 727, 733 (9th Cir.2006). The record demonstrates that the district court carefully considered the facts and circumstances of the case before adopting its findings of fact. Additionally, Baida has not demonstrated any clear error in the district court's factual findings. *Id.*

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.