181 F.3d 1105 (9th Cir. 1999)
 JOSEPH H. FRIEDRICH, Plaintiff-Appellee,
v.
INTEL CORPORATION; INTEL CORPORATION LONG TERM DISABILITY BENEFIT PLAN, Defendants-Appellants.
JOSEPH H. FRIEDRICH, Plaintiff-Appellee,
v.
INTEL CORPORATION; INTEL CORPORATION LONG TERM DISABILITY BENEFIT PLAN, Defendants-Appellants.
 No. 97-16623, No. 97-17183
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted: December 8, 1998
Filed: June 29, 1999
 
 [Copyrighted Material Omitted]
 George M. Kraw (Argued), Sarah Kenyon Kraw, Jeanine DeBacker of Kraw & Kraw, San Jose, California, for the defendants-appellants.
 Andrea M. Miller (Argued), Nageley & Meredith, Sacramento, California, for the plaintiff-appellee.
 Appeals from the United States District Court for the Eastern District of California. Sacramento Garland E. Burrell, District Judge, Presiding. D.C. No. CV 94-01613-GEB.
 Before: Myron H. Bright,* Betty B. Fletcher, and David R. Thompson, Circuit Judges.
 BRIGHT, Senior Circuit Judge:
 
 
 1
 Intel Corporation and Intel Corporation Long Term Disability Benefit Plan (collectively "Intel") appeal the district court's judgment in favor of plaintiff-appellee Joseph Friedrich, following a bench trial. The district court concluded that Intel failed to comply with the Employee Retirement Income Security Act of 1974 ("ERISA") when it denied Friedrich's claim for long term disability benefits. Intel argues that the district court erred in reviewing Friedrich's claim de novo and awarding Friedrich benefits and attorneys' fees. We affirm the district court in all respects.
 
 I. BACKGROUND
 
 2
 Intel maintains a short-term and long-term disability plan. The short-term plan, funded by employee contributions, provides up to fifty-two weeks of benefits for disabilities caused by any physical or mental illness, injury, or condition. Intel funds the long-term disability plan ("LTD Plan") directly from its general corporate assets and serves as the named fiduciary and administrator of the plan. The LTD Plan gives Intel discretion to determine benefit eligibility and to construe plan terms. Maureen Shiells administered Intel's LTD Plan in its risk management department which also manages Intel's corporate liabilities. Employees may appeal adverse decisions to a Disability Appeals Board.
 
 
 3
 Section 2.05 of the LTD Plan defines "Disability " as follows:
 
 
 4
 "Disability" shall mean any illness or injury that is recognized by the American Medical Association, substantiated by objective medical findings and which renders a Participant incapable of performing work. During the first eighteen (18) months of Disability, a Participant must be unable to perform the work of his or her regular occupation or any reasonably related occupation. After eighteen (18) months of Disability, a Participant must be unable to perform the work of any occupation for which he or she is or becomes reasonably qualified for by training, education or experience.
 
 
 5
 LTD Plan 2.14 defines "Objective Medical Findings" as:
 
 
 6
 a measurable abnormality which is evidenced by one or more standard medical diagnostic procedures including laboratory tests, physical examination findings, X-rays, MRI's, EEG's, ECG's, "Catscans" or similar tests. Objective medical findings do not include physicians' opinions or other third party opinions based solely on the acceptance of subjective complaints.
 
 
 7
 The LTD Plan excludes from coverage any disability that "arises out of, relates to, is caused by or results from . . . mental, emotional or psychiatric illness or disorder of any type . . ." LTD Plan 4.03.
 
 
 8
 Joseph Friedrich worked for Intel as a managing engineer from 1971 until he became disabled, resulting in his termination by Intel on October 5, 1993. After suffering flu-like symptoms, which included fatigue, headache, sore throat, general shakiness, and cognitive difficulties, Friedrich consulted with his primary care physician, Dr. Roy Greenberg. Dr. Greenberg referred Friedrich to Dr. Charles Schaffer, the psychiatrist with whom Friedrich had maintained a doctor-patient relationship since 1986. In June 1992, Dr. Schaffer referred Friedrich to Dr. Monice Kwok, an internist. After examination and laboratory tests, Dr. Kwok advised Dr. Schaffer that Friedrich should be treated for Chronic Fatigue Syndrome ("CFS").[1] Friedrich returned to Dr. Greenberg for treatment of CFS and discontinued treatment with Dr. Schaffer. A specialist, Dr. Jay Goldstein concurred in the diagnosis of CFS after performing a SPECT scan. After returning to a previous primary care physician, Friedrich began treatment with a specialist, Dr. Jeffrey Anderson, who identified CFS and chemical/pesticide toxicity to be responsible for Friedrich's disability.
 
 
 9
 In May 1992, Dr. Schaffer provided a diagnosis of "Major Depression" on Friedrich's application for short-term disability benefits from Intel.[2] Dr. Schaffer stated that he considered "major depression" to be the most appropriate diagnosis at the time. In August 1992, Friedrich submitted a new diagnosis of CFS to Intel.
 
 
 10
 On February 19, 1993, Intel notified Friedrich that it found Friedrich ineligible for LTD benefits and that his short-term benefits would end on May 13, 1993. Intel had requested medical records and progress reports from Dr. Greenberg and Dr. Schaffer. Based on Friedrich's records, Shiells denied Friedrich's claim for LTD benefits on two independent grounds: Friedrich lacked objective medical evidence that substantiated a disability, and his symptoms stemmed from psychiatric disorders.
 
 
 11
 Shiells rejected Friedrich's LTD claim out of hand without notifying Friedrich of the right to present medical evidence and the criteria utilized by Intel in LTD benefits determinations. In March 1993, Friedrich submitted an appeal from the denial of benefits and included a report from Dr. Anderson containing a new diagnosis that Friedrich suffered from CFS and chemical/pesticide toxicity. Intel scheduled five medical examinations by physicians it selected. Intel received reports from these physicians stating in pertinent part that Friedrich exhibited psychiatric health problems but not a physical health problem. In addition, an Intel physician claimed that CFS is not a "true physical disease." According to Intel's denial of Friedrich's appeal, the five medical examiners failed to identify any objective medical findings to substantiate a "disability" as defined by the LTD Plan. Before denial of the appeal, Intel failed to notify Friedrich that it had received medical reports that could be made available for review and comment by Friedrich.
 
 
 12
 Friedrich requested reconsideration of his claim, and submitted additional documentation, including EEG examination results and a neuropsychological exam by an expert in testing for cognitive effects of CFS. Intel responded that the LTD Plan did not provide for reconsideration of the Intel Disability Appeals Committee decision. Friedrich submitted another request for reconsideration two weeks later based upon a Social Security Disability finding of disability.[3] After Intel refused to reconsider the claim, Friedrich filed this lawsuit in October 1994.
 
 
 13
 The district court initially dismissed Friedrich's claim for breach of fiduciary duty on December 14, 1994. On October 5, 1995, the district court denied cross-motions for summary judgment and ruled that the 1991 LTD Plan controlled and that the LTD Plan grants the administrator discretionary authority to determine eligibility for benefits and to construe the terms of the LTD Plan. After a bench trial, on July 9, 1997, the district judge entered judgment in favor of Friedrich. On October 16, 1997, the district court awarded Friedrich attorneys' fees.[4] Intel timely appeals the final judgment. The district court exercised jurisdiction pursuant to 28 U.S.C. 1331 (1993) (federal question) and we have appellate jurisdiction pursuant to 28 U.S.C. 1291 (1993) to review the final judgment.
 
 II. STANDARD OF REVIEW
 
 14
 This court reviews de novo the district court's choice of the standard of review applicable to decisions by fiduciaries. Snow v. Standard Ins. Co., 87 F.3d 327, 331 (9th Cir. 1996). This court reviews underlying findings of fact for clear error. Id.
 
 
 15
 When an ERISA plan administrator is given discretion to determine benefits eligibility, courts must review the decision denying benefits under the deferential abuse of discretion standard. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115, 103 L. Ed. 2d 80, 109 S. Ct. 948 (1989). Because Intel serves as the plan administrator and funds the plan from its own general assets, Intel acts as a fiduciary in apparent conflict with its beneficiaries, including Friedrich. See Atwood v. Newmont Gold Co., 45 F.3d 1317, 1322 (9th Cir. 1995). We follow a two-part test to determine whether to invoke heightened scrutiny of a benefits decision made by fiduciaries with apparent conflicts. Id. at 1323. First, the beneficiary needs to shoulder the burden of providing "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary." Id. If the beneficiary comes forward with such evidence, "the plan bears the burden of producing evidence to show that the conflict of interest did not affect the decision to deny benefits." Id. If the plan does not meet its burden, courts review the decision to deny benefits de novo. Id.
 
 
 16
 Intel argues that the district court erred by reviewing Intel's decision de novo rather than for an abuse of discretion. The district court concluded that "Friedrich presented material probative evidence beyond the mere fact of the apparent conflict, tending to show that Intel's self-interest caused a breach of its fiduciary obligations to him." The district court further determined that Intel failed to produce sufficient evidence to demonstrate the conflict of interest did not affect their decision to deny benefits. We conclude that the district court did not clearly err in its findings of fact underlying its decision to review Intel's benefits decision de novo and accordingly, the district court properly reviewed Intel's decision to deny benefits under the de novo standard.
 
 
 17
 After a thorough review, we conclude that the trial record supports the district court's findings. Specifically, the record reflects that Intel failed to follow its internal procedure of providing a LTD claim packet that would have given Friedrich notice that he must apply for benefits and the criteria for benefits determinations. Friedrich did not know Intel was reviewing his LTD claim and did not submit anything regarding his LTD claim until Intel had already denied his claim. In addition, the record supports the district court's findings that Intel provided Friedrich with insufficient notice of the denial of his claim, an unfair review procedure and inadequate dialogue regarding his claim. Moreover, the trial testimony supports the district court's determination that LTD Plan claims administrator Shiells administered Friedrich's claim as an adversary "bent on denying his claim" and "oblivious to her fiduciary obligations as administrator of the LTD Plan."
 
 
 18
 The evidence also demonstrates that the district court properly concluded that Intel failed to provide a "full and fair" appeals procedure as required by ERISA. See 29 U.S.C. 1133(2) (1985). Intel's Appeals Committee had access only to disorganized and unexplained raw data from Friedrich's treating physicians to counter carefully drafted opinions by examining physicians selected by the administrator. While Friedrich's medical records did not address Intel's disability criteria and were often incomprehensible and illegible, the typed reports from Intel's examining physicians specifically addressed the objective medical evidence requirement and the mental illness exclusion of the LTD Plan. In essence, the claims process utilized by Intel denied Friedrich the opportunity to demonstrate disability on the basis of CFS.
 
 
 19
 The district court did not err in finding procedural irregularities in the initial claims process and an unfair appeals process that demonstrate Intel's apparent conflict of interest resulted in a breach of fiduciary duty. Intel did not meet its "burden of producing evidence to show that the conflict of interest did not affect the decision to deny benefits." See Atwood, 45 F.3d at 1323. Intel argues that it met its burden by presenting evidence that it acted in the interests of LTD Plan participants by objectively reviewing Friedrich's claim. The record establishes a dispute on this issue, and the evidence supports the findings of the district court. Thus, the district court properly reviewed Intel's decision to deny benefits de novo.[5]
 
 III. MERITS OF FRIEDRICH'S CLAIM
 A. Admission of New Evidence
 
 20
 This court reviews the decision to admit or exclude evidence for an abuse of discretion. Jauregui v. City of Glendale, 852 F.2d 1128, 1132 (9th Cir. 1988). A district court, when exercising de novo review of an ERISA benefits denial decision, may admit additional evidence when " 'circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision.' " Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938, 944 (9th Cir. 1995) (quoting Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc)).
 
 
 21
 The district court admitted additional evidence from Friedrich after concluding that Intel prevented Friedrich from providing medical evidence to support his claim during Intel's administrative review. The evidence supports the district court's determination that Intel limited Friedrich to an administrative record that included only some of Friedrich's medical records and those records were illegible and disorganized.
 
 
 22
 The district court required additional evidence to conduct an independent de novo review of the benefit claim denial and, therefore, did not abuse its discretion when it admitted further evidence.
 
 
 23
 Intel argues that the district court abused its discretion in refusing to admit new evidence from Intel. Intel asserts that in order for the district court to do an adequate de novo review, the district court should have heard additional testimony from Intel. We disagree.
 
 
 24
 The detailed, written reports from Intel's experts addressed whether objective medical evidence supported a diagnosis of CFS and whether the mental illness exclusion applied to Friedrich's claim. Intel's reports made it unnecessary for the district court to hear additional testimony from Intel's consultants. Friedrich's additional evidence did not raise any new theories not presented to Intel during the claims process. With the addition of Friedrich's trial evidence to Intel's evidence already in the administrative record, the district court had a complete record that allowed the court to make an adequate, independent de novo review of the benefits decision. Thus, the district court did not abuse its discretion when it allowed Friedrich to introduce additional evidence and refused Intel's request to do the same.
 
 
 25
 B. Friedrich's Entitlement to Long-Term Disability Benefits
 
 
 26
 Intel argues that the district court clearly erred when it concluded that Friedrich had shown disability from CFS and eligibility for benefits under the LTD Plan. Intel contends that Friedrich did not present objective medical evidence substantiating a disability and that Friedrich's claim falls under exclusions to the LTD Plan. We reject both contentions.
 
 
 27
 Friedrich introduced at trial objective medical evidence to support his treating physicians' diagnoses that he suffers from disabling CFS. Specifically, Dr. Isaac Silberman's testimony explained the objective medical tests indicating CFS found in Friedrich's medical records,[6] the EEGs (electroencephalograms) he performed, and Friedrich's symptoms. Dr. Sheila Bastien described in her testimony neuropsychological tests she performed on Friedrich specifically designed to measure cognitive functions which produced results consistent with both immune deficiencies and CFS. Dr. Bastien also criticized the testing administered by one of Intel's doctors because the doctor did not test motor functioning. Dr. Bastien indicated that in examining for CFS and multiple chemical sensitivities, the examining physician should test motor functioning. The testimony of Dr. Bastien and Dr. Silberman fully support the findings of Friedrich's treating physicians, all of whom diagnosed Friedrich to have disabling CFS. These diagnoses in part rested upon objective medical tests.
 
 
 28
 The district court had the best position for determining the credibility and persuasiveness of Friedrich's experts regarding whether Friedrich suffered from CFS. We conclude that the district court did not clearly err in finding that Friedrich presented objective medical findings of disability as a result of CFS.[7]
 
 
 29
 Intel argues that three exclusions contained in the LTD Plan bar Friedrich's claim: the psychiatric exclusion, the controlled substance exclusion, and the nonconventional methods exclusion. We conclude that the district court did not clearly err in determining that none of the exclusions applied to Friedrich's claim.
 
 
 30
 Intel contends, based on their medical examiners' reports and Friedrich's medical records, that Friedrich suffers from a psychiatric condition, not a physical disability. The administrative and trial records support rejection of Intel's contentions. Dr. Schaffer, who provided treatment to Friedrich for depression and anxiety since 1987, testified that Friedrich's health problems in 1992 did not stem from psychiatric or psychological disorders. Dr. Silberman and Dr. Bastien also testified that Friedrich's psychiatric problems were secondary to his physical problem of CFS. The record reflects that Friedrich's physical problem of CFS caused his psychiatric symptoms in 1992 and that those differed from previous psychiatric symptoms exhibited in 1987.
 
 
 31
 Intel next asserts that Friedrich's claim fell under a narcotics exclusion, contending that Friedrich's symptoms resulted from anti-depressants prescribed by his doctors. Section 4.03 of the LTD Plan excludes from coverage any disability that "arises out of, relates to, is caused by or results from . . . conditions arising from the use of or dependency upon a. . . controlled substance . . . ." We reject this assertion. Friedrich's disability from CFS did not result from his use of medications. Instead, Friedrich's doctors prescribed the medications to treat his CFS symptoms. Intel's exclusion clearly does not bar claims for disabilities treated with the use of medications considered controlled substances. In addition, Friedrich's treating physicians and consultants considered Friedrich's prescription medications when diagnosing Friedrich's condition.
 
 
 32
 Finally, Intel contends that Friedrich's claim falls under the exclusion for illnesses diagnosed using non-conventional methods not generally accepted by the American Medical Association. See LTD Plan 4.03. We reject this contention as the evidence demonstrates that Friedrich's doctors utilized diagnostic methods considered "standard" for CFS. The standard diagnosis technique for CFS includes testing, comparing symptoms to a detailed Centers for Disease Control list of symptoms, excluding other possible disorders, and reviewing thoroughly the patient's medical history. As a relatively new disease, CFS does not have a generally accepted "dipstick" test. Friedrich's doctors employed the standard diagnosis technique for CFS accepted by the American Medical Association which included various blood tests, motor testing, and EEGs.
 
 
 33
 The evidence presented in the administrative and trial records support the district court's determination that Friedrich deserved benefits under Intel's LTD Plan. The district court did not clearly err in finding Friedrich suffered from disabling CFS, and his disability did not fall under any exclusions to the LTD Plan.
 
 C. Attorneys' Fees
 
 34
 This court reviews a district court's decision to award or deny attorneys' fees pursuant to ERISA for an abuse of discretion. Operating Eng'rs Pension Trust v. Beck Eng'g & Surveying Co., 746 F.2d 557, 569 (9th Cir. 1984). Intel argues that the district court erred in granting Friedrich attorneys' fees, contending that Friedrich should not have prevailed in the district court. We have rejected Intel's arguments that the district court erred in awarding Friedrich benefits and conclude that the district court did not abuse its discretion in granting Friedrich's motion for attorneys' fees. Moreover, Friedrich is entitled to reasonable attorneys' fees incurred in this appeal.
 
 IV. CONCLUSION
 
 35
 We conclude that the district court properly reviewed Friedrich's claim de novo. The district court did not clearly err in finding that under Intel's LTD Plan, Friedrich was entitled to benefits. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 NOTES:
 
 
 *
 The Honorable Myron H. Bright, Senior United States Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation.
 
 
 [1]
 Dorland's Medical Dictionary defines CFS as a "persistent debilitating fatigue of recent onset, with reduction of physical activity to less than half of usual, accompanied by some combination of muscle weakness, sore throat, mild fever, tender lymph nodes, headaches, and depression, with the symptoms not attributable to any other known causes." Dorland's Illustrated Medical Dictionary 1627 (28th ed. 1994).
 
 
 [2]
 As part of his short-term disability application, Friedrich authorized the release of his medical records to Intel. The release form recited that the records may be used as part of an application for LTD Plan benefits.
 
 
 [3]
 Friedrich collects Social Security benefits based on a primary diagnosis of generalized anxiety disorder, chemical toxicity, immune dysregulation, chronic fatigue syndrome and depression.
 
 
 [4]
 On October 24, 1997, the district court revised the attorney fee award to include fees for litigating the original award.
 
 
 [5]
 This court's recent en banc decision in Kearney v. Standard Ins. Co., 175 F.3d 1084, (9th Cir. 1999) does not impact the above analysis. In Kearney, this court evaluated the plan language to determine whether the plan administrator exercised discretionary authority. After concluding that the plan did not grant the administrator discretionary authority, this court concluded that the district court properly reviewed the claim de novo. Id. at 1087-88. In this case, 8.01 of Intel's LTD Plan states that Intel "shall have the sole discretion to interpret the terms of the Plan and to determine eligibility for benefits." This language grants the administrator discretionary authority which requires abuse of discretion review unless Intel has a conflict of interest resulting in a breach of its fiduciary obligations to Friedrich. See Atwood, 45 F.3d at 1323.
 
 
 [6]
 Dr. Silberman testified that blood tests called ANA (antinuclear anti-body) readings and liver enzyme tests called GGT indicated liver dysfunction and a physical health problem that correlated with the symptoms reported by Friedrich. Dr. Silberman also explained that Friedrich's significantly abnormal Epstein-Barr tests reflected an inflammatory response. In addition, Dr. Silberman discussed an abnormal SPECT scan study. Friedrich's treating physician Dr. Jay Goldstein had previously concluded that Friedrich's abnormal SPECT scan was a characteristic finding in patients with CFS.
 
 
 [7]
 Intel also argues that the district court erred in finding that Friedrich suffers from an illness that renders him incapable of working. This argument has no merit. Two of Intel's own physicians found Friedrich disabled from a psychiatric condition and incapable of working.