**Phyllis F. HUNTER, Plaintiff— Appellant,**

v.

**LOCKHEED MARTIN CORPORATION, as Administrator and Fiduciary of the Lockheed Martin Corporation Retirement Plan, Defendant—Appellee.**

No. 02–16407.

D.C. No. CV–99–20996–RMW(PVT).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2003.

Decided Aug. 22, 2003.

Crisostomo G. Ibarra, San Francisco, CA, for Plaintiff–Appellant.

Donald B. Harden, Fisher & Phillips, Atlanta, GA, John F. Penrose, Fisher & Phillips, LLP, Oakland, CA, Robert J. Coursey, III, Fisher & Phillips, LLP, Atlanta, GA, for Defendant–Appellee.

Before REINHARDT and GRABER, Circuit Judges, and RHOADES, District Judge.*

MEMORANDUM**

Plaintiff Phyllis Hunter ("Hunter") appeals from the district court's judgment denying Hunter's claims against Lockheed Martin Corporation ("Lockeed"), as Administrator and Fiduciary of the Lockheed Martin Corporation Retirement Plan, for ERISA disability retirement benefits.

■ Because Hunter has failed to meet her burden of providing " 'material, probative evidence, beyond the mere fact of the apparent conflict,' " tending to show that Lockheed's self-interest caused a breach of its fiduciary obligations to her, Lockheed's decision is reviewed for an abuse of discretion. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1109 (9th Cir.1999) (quoting *Atwood v. Newmont Gold Co.*, 45 F.3d 1317, 1323 (9th Cir.1995)). Under this standard, it is inappropriate to consider additional evidence outside the administrative record. *See Thomas v. Or. Fruit Prods. Co.*, 228 F.3d 991, 997 (9th Cir.2000). Here, Lockheed had before it a claim that was filed in August 1998, approximately three and one-half years after the January 1995 deadline. Clearly, Lockheed did not abuse its discretion in determining that Hunter's claim was not timely filed under the terms of the plan.

---

\* The Honorable John S. Rhoades, District Court Judge for the Southern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Nor did Lockheed abuse its discretion in determining that Hunter's claim was not saved under the doctrine of equitable tolling. Assuming, without deciding, that the doctrine of equitable tolling applies in an ERISA action brought to recover benefits, no ground for such tolling exists on this record. Neither piece of evidence presented to the Administrative Committee establishes that Hunter experienced "extraordinary circumstances" that were sufficient in duration so as to make it impossible for her to file a claim within the two-year period, nor does Hunter's own testimony before the district court. *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir.1999) (discussing grounds for equitable tolling in another context).

AFFIRMED.