David E. **STEUER**, Plaintiff—Appellee,

v.

**POOL COMPANY; Pool Alaska, Inc.; Comprehensive Medical Expense Plan of Pool Co & Participating Affiliated Entities (EPP); L.E. Dupre,** Defendants—Appellants.

No. 02–35612.

D.C. No. CV–99–00580–A–HRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 2003.

Decided Sept. 17, 2003.

---

Michael W. Flanigan, Esq., Walther & Flanigan, Anchorage, AK, for Plaintiff–Appellee.

Arden E. Page, Esq., Burr, Pease & Kurtz, Anchorage, AK, Bruce J. Douglas, Esq., Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, MN, for Defendants–Appellants.

Before PREGERSON, CANBY, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

Pool Company's ("Pool") Comprehensive Medical Expense Plan ("Medical Plan") is a self-funded ERISA plan in which the plan administrator has express discretionary authority. Pool's decision to deny Steuer's benefits under the Medical Plan is therefore reviewed for abuse of discretion, unless Steuer provides material, probative evidence, beyond the mere fact of the apparent conflict of interest inherent in a self-funded plan, tending to show that self-interest caused a breach of the administrator's fiduciary obligations to Steuer.[1] *See Atwood v. Newmont Gold Co., Inc.,* 45 F.3d 1317, 1323 (9th Cir.1995). In that case, the administrator's decision is reviewed de novo, unless Pool can prove that

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo the district court's choice and application of the standard of review applicable to decisions of plan administrators in the ERISA context. *See Lang v. Long Term Disability Plan,* 125 F.3d 794, 797 (9th Cir.1997). Our Circuit has not yet definitively stated which standard of review applies to the district court's findings of fact when the district court's bench trial of an ERISA claim is limited to the administrative record. *Compare Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1095 & n. 6 (9th Cir.1999) (en banc)

(Kleinfeld, J., plurality opinion) (stating that the clearly erroneous standard applies); *with id.* at 1099 (Reinhardt, J., concurring) (stating that if district court findings are based solely on the administrative record, review should be de novo); *see also Friedrich v. Intel Corp.,* 181 F.3d 1105, 1109 (9th Cir.1999) (reviewing the district court's findings of fact for clear error where the court admitted evidence beyond the administrative record). After reviewing the facts of this case, we see no reason to depart from the findings of the district court. Thus, whether we review for clear error or de novo the district court's findings, our result would be the same.

the conflict did not taint the administrator's decision to deny Steuer's benefits. *See id.*

We need not decide which standard of review is applicable in this case, however, because we conclude that Pool abused its discretion in denying Steuer's Medical Plan benefits. *See Schikore v. BankAmerica Supplemental Ret. Plan,* 269 F.3d 956, 961 (9th Cir.2001). The administrator's decision was not based upon a reasonable interpretation of the Medical Plan's terms. *See McDaniel v. Chevron Corp.,* 203 F.3d 1099, 1113 (9th Cir.2000).

Pool's conclusion that Steuer was "intoxicated" within the meaning of the Medical Plan was unsupported by its own investigation and the testimony of its decision-makers. Pool's investigation of Steuer's accident was limited to its expert toxicologist's review of Steuer's hospital records. Pool's expert concluded that at the time of the accident, Steuer was "impaired." Pool's Vice President of Human Resources testified at deposition that if Steuer had been administered a blood-alcohol test by police at the scene of the accident, and if he had passed it, Pool would have granted Steuer's Medical Plan benefits. Yet despite the fact that Pool's toxicology expert concluded that Steuer's blood-alcohol level at the time of the accident was below the level qualifying as "intoxication" under Alaska law, the benefits were denied. Pool had no fixed standard for determining "intoxication" in the absence of a finding by its expert. After its toxicologist failed to establish that Steuer was legally intoxicated, Pool's decision-makers inconsistently and subjectively defined "intoxication," with definitions ranging from the legal limit of 0.10% to 0.04%. Separate Pool directors variously stated that intoxication was worse than impairment and that impairment was worse than intoxication. Furthermore, Pool could not identify a single past incident where benefits were denied to an employee whose blood alcohol level was below the legal limit at the time of injury.

Pool argues that its decision to deny Steuer's benefits under its Short Term Disability Income Plan ("Disability Plan") should be upheld.[2] We reject its argument on both the ground previously stated and the plan administrator's failure to find that Steuer's intoxication was the "but-for" cause of the accident, as required by the Disability Plan's proximate cause standard. Pool's finding that alcohol was the proximate cause was unreasonable in the absence of evidence suggesting that the cause of the accident was something other than the placement of an unexpected roadblock in Steuer's path. Pool ignored the statements of three eyewitnesses who insisted that Steuer's accident was unrelated to the alcohol he had consumed earlier in the evening. It did so despite the fact that it had no evidence to the contrary. Pool's failure to develop any meaningful factual record upon which to make a determination of causation was an abuse of discretion.

AFFIRMED.

---

2. The district court assessed Pool's denial of Steuer's Disability Plan benefits as a breach of contract claim under Alaska law. Pool does not challenge this ruling on appeal.