**Robert GOLDBERG, an individual, Plaintiff—Appellant,**

v.

**LDDS WORLDCOM & Ldds Worldcom Long Term Disability Plan, Defendants—Appellees.**

No. 01–56080.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2005.

Decided March 18, 2005.

Joseph M. Ribakoff, Esq., Law Office of Joseph Ribakoff, Long Beach, CA, for Plaintiff–Appellant.

Jon D. Meer, Esq., Piper Rudnick, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: GRABER and CALLAHAN, Circuit Judges, and BREYER,* District Judge.

### MEMORANDUM **

Plaintiff Robert Goldberg appeals the district court's judgment in favor of Defendants LDDS WorldCom and LDDS Long Term Disability Plan in this action governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. We affirm the judgment on different grounds.

1. Plaintiff challenges the district court's decision to allow Hartford Life and Accident Insurance Company, the plan's insurer and claims administrator, to intervene in the action. That challenge is moot because of the comprehensive settlement between Plaintiff and Hartford.

2. The district court's dismissal of Plaintiff's claim for benefits against WorldCom and the Plan was improper, because the Plan and WorldCom, the plan administrator, were the only proper defendants in Plaintiff's action under 29 U.S.C. § 1132(a)(1)(B). See Ford v. MCI Communications Corp. Health & Welfare Plan, 399 F.3d 1076, 1081 (9th Cir. 2005). Nonetheless, because counsel agreed at oral argument that no questions of historical fact are disputed, we exercise our discretion to decide the merits of the claim. See United States ex rel. Green v. Northrop Corp., 59 F.3d 953, 957 n. 2 (9th Cir.1995) (noting that this court has discretion to decide a legal question not decided by the district court when the relevant facts are fully developed).

The Hartford policy and the prior policy excluded coverage for pre-existing conditions, which are defined as conditions (including both bodily injury and sickness) for which the claimant received medical treatment during the 90 days prior to the effective date of coverage. As relevant here, Plaintiff began work on December 11, 1995, making July 1, 1996, the effective date of the prior policy and August 1, 1996, the effective date of the Hartford policy. Undisputed medical records show that Plaintiff's back condition was treated on June 4, 1996, and July 10, 1996, and that he was prescribed medication for chronic back pain each month from April to November 1996. Thus, the plan administrator properly applied the exclusion and denied Plaintiff's claim for benefits, whether we review its decision de novo or for an abuse of discretion. See Friedrich v. Intel Corp., 181 F.3d 1105, 1109–10 (9th Cir. 1999) (explaining the varying standards of review in ERISA cases).

Moreover, even assuming (without deciding) that WorldCom failed to provide Plaintiff with a summary plan description as required by 29 U.S.C. § 1021(a), Plaintiff has provided no evidence of "substantive harm" flowing from this alleged procedural violation. See McKenzie v. Gen. Tel. Co. of Cal., 41 F.3d 1310, 1314–16 (9th Cir.1994) (requiring a showing of "substantive harm" before a procedural violation can justify a retroactive reinstatement of benefits). The procedure for claiming benefits and the exclusion for pre-existing conditions were identified clearly in the policy document that Plaintiff received,

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

and he properly filed a timely and complete (albeit unsuccessful) claim.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.