Kyle G. **BROWNFIELD**, Plaintiff—Appellant,

v.

**METROPOLITAN LIFE INSURANCE COMPANY**, Defendant—Appellee.

No. 04–55833.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 14, 2005.

Ellsworth Vines, Esq., Ellsworth, Vines Law Offices, Irvine, CA, for Plaintiff–Appellant.

Joseph C. Faucher, Esq., Reish & Luftman, Los Angeles, CA, for Defendant–Appellee.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and DUFFY,** District Judge.

MEMORANDUM ***

** The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Kyle G. Brownfield appeals the district court's judgment, following trial on the administrative record, in favor of Metropolitan Life Insurance Company ("MetLife") in Brownfield's suit pursuant to the Employee Retirement Income Security Act ("ERISA"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Brownfield sought long-term disability benefits under a plan sponsored by her former employer, Eastman Kodak Company. Determinations of disability under Kodak's Plan are committed to the discretion of MetLife as the Claims Administrator. MetLife denied Brownfield's original benefits application and affirmed that decision following administrative review. Where the plan gives the administrator discretionary authority, the court's review is for abuse of discretion,[2] *Eley v. Boeing Co.*, 945 F.2d 276, 278 (9th Cir.1991), unless the presence of a serious or substantial conflict of interest between the fiduciary and its beneficiaries is demonstrated, *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1109 (9th Cir.1999).

In order to establish a serious conflict of interest, a beneficiary must come forward with "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary." *Atwood v. Newmont Gold Co.*, 45 F.3d 1317, 1323 (9th Cir.1995). Brownfield has failed to sustain this burden and we agree with the district court that a deferential standard of review is appropriate.

Brownfield's contention that the district court committed reversible error by neglecting its adjudicative and administrative responsibilities is wholly without merit. Finally, we decline to consider the untimely arguments raised for the first time in Brownfield's reply brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999) ("[A]rguments not raised by a party in its opening brief are deemed waived."). We affirm the district court's judgment in favor of MetLife.

AFFIRMED.

---

**1.** Brownfield's requests for judicial notice are denied.

**2.** This circuit has been inconsistent in labeling the appropriate standard of review. Some cases refer to the standard as "arbitrary and capricious" (as used by MetLife in the Red Brief), while others use the term "abuse of discretion." *Compare Eley*, 945 F.2d at

278 (abuse of discretion) *with Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889, 894 (9th Cir.1990) (arbitrary and capricious). "The standards differ in name only." *Atwood v. Newmont Gold Co.*, 45 F.3d 1317, 1321 n. 1 (9th Cir.1995).

