Richard H. AGUILAR, Plaintiff–Appellant,

v.

NEW UNITED MANUFACTURING DISABILITY INSURANCE INCOME PLAN, Defendant–Appellee.

No. 05–16768.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Dec. 7, 2007.

Laurence F. Padway, Esq., Alameda, CA, for Plaintiff–Appellant.

Carolyn A. Knox, Esq., Seyfarth Shaw, LLP, San Francisco, CA, for Defendant–Appellee.

Before WALLACE, KLEINFELD, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant Richard Aguilar appeals the denial of disability benefits under his former employer's ERISA plan following a bench trial.

We review the district court's finding of fact for clear error. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1109 (9th Cir.1999). Under this standard, so long as the district court's findings are *"plausible* in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (emphasis added).

The district court did not clearly err in concluding that the evidence submitted by Aguilar failed to demonstrate the onset of his disability as of December 4, 2000.

The parties agreed that the Diagnostic and Statistical Manual of Mental Disorders (DSM) governed the interpretation of Aguilar's Global Assessment of Functioning (GAF) score of 65. There was no evidence in the record that such a score reflected a mental disability. Moreover, the rating doctor did not provide a disability statement to Aguilar.

The district court also did not clearly err when it discredited Dr. Rennert's disability determination, as Dr. Rennert provided no objective basis to support his opinion.

**AFFIRMED.**

KLEINFELD, Circuit Judge, dissenting:

I respectfully dissent.

The district court clearly erred in concluding that Aguilar failed to demonstrate that he was disabled as of December 4, 2000. Dr. Rennert, who examined and treated Aguilar beginning in January 2001, stated that Aguilar's disability dated back

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to December 1, 2000. Nothing in the record discredits this diagnosis. Dr. Kahlon, who treated Aguilar on December 1, 2000, did not indicate whether or not he believed Aguilar was disabled. Illnesses often take a long time to diagnose, but that does not make the eventual diagnosis, including a statement about when the illness began, incorrect or unreliable. Dr. Rennert's statement that Aguilar's disability dates back to December 1, 2000 is the only physician statement we have regarding the date of onset of Aguilar's disability. The district court clearly erred when it determined that Aguilar was not disabled as of December 4, 2000.