MEMORANDUM **
Eva Huntsinger appeals the decision of the district court granting summary judgment in favor of Unum Provident Corporation and The Shaw Group, Inc. on her complaint seeking damages for alleged violations of ERISA. We review de novo the district court’s grant of summary judgment. KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 408 F.3d 596, 602 (9th Cir.2005). The district court’s *520 choice and application of the appropriate standard of review for Mrs. Huntsinger’s ERISA claims is also reviewed de novo. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 962 (9th Cir.2006) (en banc). We affirm.
Mrs. Huntsinger’s claims for breach of fiduciary duty under 29 U.S.C. § 1109, improper denial of benefits under 29 U.S.C. § 1132(a)(1)(B), and wrongful interference with benefits under 29 U.S.C. § 1140 require proof that the alleged ERISA violation caused harm to the beneficiary. See Lockheed Corp. v. Spink, 517 U.S. 882, 888-89, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996); Gavalik v. Cont’l Can Co., 812 F.2d 834, 852 (3d Cir.1987), cert. denied, 484 U.S. 979, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987). However, according to the terms of the life insurance policy that would have been issued to her deceased husband Thomas Huntsinger, Mrs. Huntsinger was not entitled to any death benefits. Under the policy available to terminated employees exercising their post-termination conversion and portability rights, no benefit was payable if death occurred by suicide, while sane or insane, within two years of the starting date of the policy. The undisputed evidence established that Mr. Huntsinger committed suicide. The unambiguous terms of the policy indicate that Mr. Huntsinger’s insurance started, at the earliest, on December 30, 1999, see Babikian v. Paul Revere Life Ins. Co., 63 F.3d 837, 840 (9th Cir. 1995), bringing his death within the two year exclusionary period.
The district court properly concluded that Unum did not waive or abandon the suicide exclusion as grounds for denying Mrs. Huntsinger’s benefits claim. See All Alaskan Seafoods, Inc. v. Raychem Corp., 197 F.3d 992, 996 (9th Cir.1999). There was no evidence Unum affirmatively relinquished its right to rely on the suicide exclusion as a basis for denial. To the contrary, Unum raised the suicide exclusion in the initial notice of denial and relied upon it as a basis for upholding the denial of Mrs. Huntsinger’s claim during both the administrative and district court proceedings.
The district court also did not exceed the scope of de novo review by considering the suicide exclusion as grounds for affirming the plan administrator’s decision to deny Mrs. Huntsinger’s benefits claim. See Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir.2006); Thomas v. Or. Fruit Prods. Co., 228 F.3d 991, 995 (9th Cir.2000). The district court must conduct an independent, thorough analysis of the entire administrative record to determine whether the plan administrator correctly or incorrectly denied benefits when reviewing a plan de novo. Abatie, 458 F.3d at 963; Silver v. Exec. Car Leasing Long-Term Disability Plan, 466 F.3d 727, 731 n. 2, 733 (9th Cir.2006). Here, the suicide exclusion was adequately raised in the administrative record through the initial notice of denial, and the district court admitted supplementary evidence of the terms of the converted or ported policies available to Mr. Huntsinger to conduct an adequate de novo review. See Friedrich v. Intel Corp., 181 F.3d 1105, 1111 (9th Cir. 1999); Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938, 944 (9th Cir.1995). Mrs. Hunt-singer did not object to the admission of supplementary evidence during the district court proceedings, nor did she dispute the accuracy of evidence submitted by Unum to establish the terms of the converted and ported policies. Most importantly, Mrs. Huntsinger was given ample opportunity to litigate the applicability of the suicide exclusion to her benefits claim. See Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Protection Plan, 349 *521 F.3d 1098, 1105 (9th Cir.2003), cert, denied, 545 U.S. 1139, 125 S.Ct. 2956, 162 L.Ed.2d 887 (2005).
Finally, Mrs. Huntsinger’s fourth claim against the Shaw Group for failure to provide information required by ERISA was barred by the order of the Bankruptcy Court for the District of Delaware, Case No. 02-10118(MFW). The Bankruptcy Court had subject matter jurisdiction over successor liability claims against the purchaser of the IT Group’s assets because those claims were conceivably related to administering the debtor’s chapter 11 reorganization. 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a); see Celotex Corp. v. Edwards, 514 U.S. 300, 307-10, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995); In re Fietz, 852 F.2d 455, 457 (9th Cir.1988). Mrs. Huntsinger’s due process rights were not violated by the Bankruptcy Court proceeding because she was provided constructive notice through publication in the Wall Street Journal. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (approving constructive notice by publication to those parties “whose interests or whereabouts could not with due diligence be ascertained”). Actual notice was impossible as neither the IT Group nor the Shaw Group was aware of Mrs. Huntsinger’s allegations of ERISA violations.[1] Mrs. Huntsinger’s arguments challenging the propriety of the bankruptcy court order pursuant to 11 U.S.C. §§ 105(a), 363(f) and 524(e) constitute an impermissible collateral attack against that order. See Cel-otex Corp., 514 U.S. at 306, 314, 115 S.Ct. 1493. Only those aspects of a court’s order which underlie finality may be challenged on collateral review. See id. at 313, 115 S.Ct. 1493; Spartan Mills v. Bank of Am., Ill., 112 F.3d 1251, 1255 (4th Cir. 1997). Accordingly, the decision of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The alleged ERISA violation occurred well before the bankruptcy proceedings, providing Mrs. Huntsinger with sufficient incentive to take note of the published notice of the asset sale.