**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLIVER EMANUEL PEARSON, | No. 11-35988 |
| Plaintiff - Appellant, | D.C. No. 6:10-cv-00035-DWM |
| v. | |
| LARRY PASHA, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted August 26, 2013
Seattle, Washington

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

Oliver Emanuel Pearson ("Pearson") appeals a jury verdict in favor of Larry

Pasha ("Pasha") on Pearson's 42 U.S.C. § 1983 claim alleging Pasha applied

excessive force during a pat search at Montana State Prison in violation of the Eighth

Amendment. We have jurisdiction under 8 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Even assuming the district court abused its discretion in not allowing Pearson to more fully develop testimony about other complaints, *United States v. Wellington*, 754 F.2d 1457, 1468 (9th Cir. 1985), any error was not sufficiently prejudicial. Because some evidence that other complaints had been made against Pasha was presented to the jury, exclusion of additional evidence about those complaints did not "more probably than not" affect the verdict. *Boyd v. City and Cnty. of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009) (quoting *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003)).

The district court's decision not to admit Pearson's grievances was not an abuse of discretion. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1110–11 (9th Cir. 1999). The oral testimony presented about Pasha's grievances communicated much of their content and was effective in illustrating to the jury that Pearson pursued his remedies through the prison grievance system, and Pasha's defense would have been affected had the district court admitted the grievances at the time requested. Under these circumstances, the district court's decision was not "beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000). Even assuming the district court abused its discretion, again the verdict would not have been sufficiently affected to require reversal. *Boyd*, 576 F.3d at 943. The contents of the grievances were largely reported orally to the jury.

Given the timing of Pearson's request to appear in civilian clothes, and the nature of this case, the district court did not abuse its discretion in denying Pearson's request. *See Penk v. Or. State Bd. of Higher Educ.*, 816 F.2d 458, 465 (9th Cir. 1987). Given the nature of Pearson's claims, the district court also did not abuse its discretion in refusing to appoint an expert witness under Federal Rule of Evidence 706(a). *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (reviewing the appointment of an expert witness for an abuse of discretion).

Viewed in context, the court's statements about Pearson's pro se status do not appear in error, and even if they were in error, it is unlikely they substantially prejudiced Pearson. Fed. R. Civ. P. 61; *see also Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991) ("The standard for reversal on the basis of judicial misconduct in a civil trial is . . . quite high. . . . . Cutting comments to counsel, particularly those relating to skill . . . will not generally mandate reversal.").

The district court did not abuse its discretion, *see United States v. Wiggan*, 700 F.3d 1204, 1210 (9th Cir. 2012), let alone make an error affecting Pearson's substantial rights, *Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1144–45 (9th Cir. 2001), in allowing the identified narrative testimony from Pasha's witnesses. Additionally, in light of the proceedings as a whole, the admission of character evidence about Pearson did not "seriously affect the fairness, integrity or reputation

3

of [the] judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736 (1993) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

Considered separately or cumulatively, the various trial errors claimed by Pearson were not sufficiently prejudicial to require reversal. *Boyd*, 576 F.3d at 943.

**AFFIRMED**.