**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| KIMBERLEY D., | No. 16-56175 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01012-JM-JLB |
| v. | |
| UNITED HEALTHCARE INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted February 6, 2018
Pasadena, California

Before:  REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Kimberley D. ("Appellant") appeals the district court's judgment in favor of

United Healthcare Insurance Company ("United Healthcare"), affirming denial of

benefits.  Appellant contends that United Healthcare breached its LifeLock, Inc.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Welfare Benefit Plan ("Plan"), as administered through United Behavioral Health ("UBH"), when it determined that her residential treatment was not "medically necessary" and thus not covered by the Plan. Appellant also contends that the district court was overly deferential to United Healthcare's decision and did not give enough credit to contrary information in the record. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the question whether the district court correctly applied de novo review when considering Appellant's claim. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc); *Lang v. Long-Term Disability Plan of Sponsor Applied Remote Tech., Inc.*, 125 F.3d 794, 797 (9th Cir. 1997). We review for clear error the district court's underlying findings of fact. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1109 (9th Cir. 1999).

The district court did not err when determining whether Appellant's stay at Sierra Tucson was "medically necessary," as covered by the Plan. Appellant failed to show by a preponderance of the evidence that the treatment she received at Sierra Tucson was medically necessary or in compliance with United Healthcare's applicable guidelines. *Muniz v. Amec Constr. Mgmt.*, 623 F.3d 1290, 1294 (9th Cir. 2010) (explaining that it is the plaintiff's burden to show that her treatment was medically necessary).

The Plan provides that "medically necessary" treatment is "[c]linically appropriate, in terms of type, frequency, extent, site and duration, and considered effective …". The treatment must not be "mainly for [claimant's] convenience or that of [their] doctor or other health care provider," and must also not be "more costly than an alternative…service…". Furthermore, medically necessary treatment must be "[i]n accordance with Generally Accepted Standards of Medical Practice," which are based on clinical policies developed and maintained by United Healthcare. The Plan also provides that United Healthcare "reserve[s] the right to consult expert opinion in determining whether health care services are [m]edically [n]ecessary," and that "the choice of expert and the determination of when to use any such expert opinion" is within United Healthcare's "sole discretion." UBH explained to Appellant's husband that her treatment at the Sierra Tucson residential facility would be covered only if medically necessary. UBH also explained to Appellant that the Plan would only authorize her stay once she was evaluated and referred for residential treatment. Appellant informed UBH that she was not presently "in crisis or at risk."

Upon intake at Sierra Tucson, Appellant reported her primary problems as binge eating, isolation and poor body image. During her intake evaluation, treating physician Dr. Sipp noted that Appellant denied active suicidal ideation and had no

"plan or intent to harm herself or harm others." UBH's Dr. Uy reviewed Appellant's intake evaluation for authorization and concluded that coverage was not available under the Plan, because she did not meet the level-of-care guidelines. Dr. Uy explained that because Appellant was stable and not presenting active suicidal ideation, she could be treated in a less restrictive care setting. When Appellant appealed Dr. Uy's conclusion, UBH's Dr. Sane found, as had Dr. Uy, that the level-of-care guidelines did not specify residential care for Appellant's reported symptoms. Appellant had repeatedly denied suicide ideation, and it was not until after learning she was denied coverage that she expressed active suicidal thoughts. Specifically, Appellant threatened suicide if she was forced to leave Sierra Tucson.

The district court appropriately considered Appellant's assessments by Dr. Sipp and the UBH physicians. The district court was not required to defer to Dr. Sipp's opinions, and the district court did not erroneously discount her opinions in its review of the record. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829 (2003) (explaining that in ERISA cases plan administrators do not need to accord special weight to the opinions of claimant's physicians).

**AFFIRMED.**