NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OLGA GORBACHEVA,

Plaintiff-Appellant,

v.

ABBOTT LABORATORIES EXTENDED
DISABILITY PLAN; ABBOTT
LABORATORIES ANNUITY
RETIREMENT PLAN; ABBOTT
LABORATORIES RETIREE HEALTH
CARE PLAN; ABBOTT LABORATORIES
INC.; JAMES SIPES,

Defendants-Appellees.

No. 18-15400

D.C. No. 5:14-cv-02524-EJD

MEMORANDUM[*]

OLGA GORBACHEVA,

Plaintiff-Appellee,

v.

ABBOTT LABORATORIES EXTENDED
DISABILITY PLAN; ABBOTT
LABORATORIES ANNUITY
RETIREMENT PLAN; ABBOTT
LABORATORIES RETIREE HEALTH
CARE PLAN; ABBOTT LABORATORIES
INC.; JAMES SIPES,

No. 18-16178

D.C. No. 5:14-cv-02524-EJD

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted November 12, 2019
San Francisco, California

Before: W. FLETCHER, BENNETT, and BADE, Circuit Judges.

Olga Gorbacheva appeals the district court's grant of summary judgment to

the Abbott Laboratories Extended Disability Plan, the Abbott Laboratories Annuity

Retirement Plan, the Abbott Laboratories Retiree Health Care Plan, and Abbott

Laboratories (collectively, the "Plan") on her claim for long-term disability

benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"),

29 U.S.C. §§ 1001–1461. The Plan cross-appeals the district court's award of

attorneys' fees to Gorbacheva and its denial of the Plan's cross-motion for

attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the

district court's grant of summary judgment but reverse the district court's fee

award and remand.

I

"We review de novo the district court's choice and application of the

standard of review" to determinations by ERISA plan administrators. *Pannebecker*

*v. Liberty Life Assurance Co. of Bos.*, 542 F.3d 1213, 1217 (9th Cir. 2008). We

2

review the district court's underlying factual determinations for clear error. *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1109 (9th Cir. 1999).

The district court properly concluded that an abuse of discretion standard applies to the Plan's denial of benefits. Because the Plan unambiguously confers discretion upon the Plan Administrator to construe the terms of the Plan and make determinations of eligibility, the standard of review shifts "from the default of de novo to the more lenient abuse of discretion." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). Gorbacheva argues that the district court nevertheless should have applied a de novo standard of review because of the Plan Administrator's conduct during the second review of Gorbacheva's claim following the district court's initial remand. Principally, Gorbacheva contends that the Plan Administrator relied entirely on litigation counsel to review the evidence in the record, to determine that the Plan should deny the claim, and to provide the rationale for doing so. We disagree.

Although a court may review a denial of benefits de novo if the plan administrator fails to exercise discretion or if her "actions fall so far outside the strictures of ERISA that it cannot be said that [she] exercised the discretion that" the plan confers, *id.* at 972, the Plan Administrator's conduct does not rise to that level. The Plan Administrator's extensive consultation with litigation counsel during the pendency of her review is troubling, but the unrebutted evidence in the

3

record confirms that she reviewed the evidence and the terms of the Plan, and concluded that she should deny Gorbacheva's claim, before consulting litigation counsel. Thus, the Plan Administrator's conduct was not so irregular as to require de novo review of the Plan's denial.

Nor did the district court err in concluding that the Plan did not abuse its discretion by denying Gorbacheva's claim. A plan administrator abuses her discretion if her decision is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). But when an ERISA plan acts under a structural conflict of interest or introduces procedural irregularities into its review process, we conduct our abuse of discretion review with "a higher degree of skepticism." *See id.* Additionally, we weigh factors such as "the quality and quantity of the medical evidence," whether the plan administrator relied on an in-person evaluation or conducted a purely paper review of the records, and "whether the administrator considered a contrary [Social Security Administration] disability determination." *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 630 (9th Cir. 2009).

Here, the Plan's conclusion that Gorbacheva was capable of performing her desk job as of July 31, 2012, was neither "illogical," nor "without support" in the

4

record.  As the district court observed, Gorbacheva's pre-July 31, 2012 medical record was largely ambiguous.  Although those records documented degenerative conditions in her spine and knee, Gorbacheva's treatment records differ as to whether the pain from her condition rendered her permanently unable to work. And the Plan's own medical consultants, including a physician that personally examined Gorbacheva, concluded that she was capable of performing her role. Moreover, although the Plan acknowledged the results of Gorbacheva's 2013 functional capacity exam, it rejected its conclusions as unreasonable, in part, because of the substantial treatment gap in Gorbacheva's medical records. Similarly, the Plan considered the Social Security Administration's ("SSA") 2014 decision awarding Gorbacheva benefits, but again rejected it as inconsistent with the remainder of the record.  And, in contrast to the SSA, the Plan was not required to afford the opinions of Gorbacheva's treating physicians "special weight."  *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003).

Because of the conflicting evidentiary record, the Plan's conclusion that Gorbacheva was not disabled within the terms of its plan was not an abuse of discretion, even when weighed against the conflicts of interest and procedural irregularities noted by the district court.

## II

We review the district court's award of attorney's fees for abuse of

5

discretion. *Micha v. Sun Life Assurance of Can., Inc.*, 874 F.3d 1052, 1057 (9th Cir. 2017). To award attorneys' fees under ERISA, a court must find that the moving party achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). By obtaining an initial remand for further consideration of her ERISA claim, Gorbacheva satisfied this hurdle even if the district court did not ultimately agree that she was entitled to benefits. *See id.* at 255.

But even if a party is entitled to recover fees under ERISA, a court must determine whether those fees are "reasonable." *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). The district court erred in this analysis by rejecting the Plan's evidence that Gorbacheva refused an early settlement offer from the Plan. Specifically, Gorbacheva declined an offer to remand the matter so that the Plan could consider evidence that it had previously failed to acknowledge. The district court's order remanding the matter—which Gorbacheva touts as a success—was nearly identical to the settlement offer and contained no additional benefit. Thus, we conclude that the district court abused its discretion in finding that the hours expended on the litigation after Gorbacheva's rejection of the Plan's offer were reasonable. Accordingly, we reverse the district court's award of fees to Gorbacheva and remand so that the district court may re-calculate Gorbacheva's

6

fees to include only those fees incurred prior to her rejection of the Plan's offer of a voluntary remand.

**AFFIRMED in part and REVERSED and REMANDED in part.**